**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

ROGER YEADON,

    Petitioner,

v.                                         CASE NO: 5:11-CV-1-Oc-30TBS

WARDEN, FCC COLEMAN - USP II,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Roger Yeadon's Petition for Writ of Habeas Corpus (Dkt. #1) filed pursuant to 28 U.S.C. § 2241, Respondent's Response (Dkt. #11), and Petitioner's Reply (Dkt. #12). In his petition, Yeadon complained that his jail time credit was miscalculated by the Bureau of Prisons, and he contended that he should be serving his state of Alabama sentence first rather than after completing his federal sentence. In his reply, Yeadon acknowledges that his jail time credit has now been properly calculated and only his place of confinement is at issue. Respondent contends that Yeadon is appropriately designated to serve his federal sentence in full before being delivered to Alabama to serve his state sentence. Notably, Alabama has not requested that Yeadon be delivered to its custody. After reviewing the pleadings and being advised in the premises, the Court concludes that Yeadon's federal custody is appropriate and the petition should be denied.

## Background

Yeadon's convoluted arrest and custody history is succinctly described by Respondent as follows:

> Petitioner Roger Dale Yeadon, federal register number 12439-051, is a federal inmate currently confined at the Federal Correctional Complex in Coleman, Florida, where he is presently serving an aggregated sentence of 266 months imposed in the District of New Mexico following his convictions for Carjacking Resulting in Death and Escape. With earned and projected credits against his sentence, Petitioner is currently scheduled to release from federal custody on June 15, 2016. His present incarceration came about as follows:
>
> On June 8, 1995, the State of Alabama sentenced Petitioner to a 20-year term for multiple counts of Burglary and Theft. On August 14, 1995, however, Petitioner escaped from confinement. He was apprehended on September 24, 1995, by the State of Alabama. On May 21, 1995, Petitioner escaped again from state confinement.
>
> While at large following this second escape from state custody (specifically on May 21, 1996), Petitioner committed his instant federal offenses of Carjacking Resulting in Death and Kidnapping. On June 26, 1996, the Federal Bureau of Investigation ("FBI") arrested Petitioner, placing him in federal custody. On January 8, 1999, the United States District Court, District of New Mexico, sentenced Petitioner to a 220-month term for Carjacking Resulting in Death.
>
> On February 8, 1999, while pending designation by the Bureau of Prisons, Petitioner escaped from federal custody. He was apprehended again on March 13, 1999, by the United States Marshals Service ("USMS") placing him, once again, in federal custody. On May 6, 1999, the United States District Court for the District of New Mexico, sentenced Petitioner to a 46-month term of imprisonment for Escape. The Court ordered this term to run consecutive to the earlier 220-month term.

Citations to record omitted.

## Discussion

While Yeadon was out of state custody following his second escape, he committed the federal offense of Carjacking Resulting in Death. He was arrested, placed in federal

custody, and sentenced to 220 months. After sentencing, while awaiting designation by the Bureau of Prisons, Yeadon escaped from federal custody. He was arrested a short time later by the United States Marshal's Service and returned to federal custody. He has been in continuous federal custody since that time.

Once a prisoner is in federal custody following a federal conviction, it is within the discretion of the executive, not the judicial, branch to determine where the sentence shall be served and which sovereign shall first exercise its sentence. The relationship between sovereigns concerning the serving of sentences is explained in *United States v. Warren*, 610 F.2d 680, 684-685 (9th Cir. 1980):

> Determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns. Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction, here, the United States, may elect under the doctrine of comity to relinquish it to another sovereign. This discretionary election is an executive, and not a judicial, function. *See Ponzi v. Fessenden*, 258 U.S. 254, 261-62, 42 S.Ct. 309, 66 L.Ed. 607 (1922); *Strand v. Schmittroth*, 251 F.2d 590, 609 (9th Cir.), *Cert. dismissed*, 355 U.S. 886, 78 S.Ct. 258, 2 L.Ed.2d 186 (1957).
>
> In the federal system, the "power and discretion" to practice comity is vested in the Attorney General. *Ponzi v. Fessenden*, 258 U.S. at 262, 42 S.Ct. 309. And, in this case, the officer designated by the Attorney General had decided, as a matter of comity, to return Warren to state custody after the Rule 35 hearing. The district court, by remanding Warren to federal custody, was, in effect, overriding the Attorney General's exercise of discretion in a case in which the appropriate officer was not a party, and his discretion was not before the court for review. If an Attorney General abuses his discretion in practicing comity, the proper remedy would be by writ of habeas corpus, a writ of mandamus, or by an action under 42 U.S.C. § 1983, not by a district court's unilateral action on a Rule 35 motion.

Priority for serving a sentence between state and federal sovereigns is to be resolved by the sovereigns themselves. It is only where the Attorney General abuses that discretion in practice and comity that the Court may grant relief. Here, Yeadon came into federal custody after being arrested for the commission of a federal crime. It cannot be said that the Attorney General is abusing his discretion in maintaining custody of Yeadon for the service of his federal sentence before returning him to the state of Alabama. And, the state of Alabama has made no such request. Apparently the respective sovereigns are satisfied with Yeadon first serving his federal sentence. Having shown no abuse of discretion on the part of the Attorney General, Yeadon's petition fails.

It is therefore ORDERED AND ADJUDGED that:

1. The Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter Judgment in favor of Respondent and against Petitioner.

3. All pending motions are denied as moot.

4. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on December 7, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel/Parties of Record

*F:\Docs\2011\11-cv-1.Ocala Yeadon.wpd*